In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00174-CV


______________________________




ODELL TERRELL, ON BEHALF OF THE ESTATE OF


J. R. TERRELL, JR., AND ON BEHALF OF THE


ESTATE OF VIRGINIA TERRELL, DAVID ELKINS,


AND JIMMY WAYNE TERRELL, Appellants



V.



ROBERT M. SISK AND RAINS COUNTY, TEXAS, Appellees




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 2001-422




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Odell Terrell, on behalf of the estates of J. R. Terrell, Jr., and Virginia Terrell, David
Elkins, and Jimmy Wayne Terrell (the Terrell family) (1) appeal from an order granting a plea
to the jurisdiction filed by Rains County and Robert M. Sisk, the county judge of Rains
County, and dismissing the Terrell family's lawsuit. We affirm.

 The lawsuit stemmed from an automobile accident resulting in serious personal
injuries to, and ultimately the deaths of, J. R. Terrell, Jr., and his wife, Virginia. The
accident was caused by June Goble, Judge Sisk's secretary, while on her way to a doctor's
appointment. The Terrell family alleged that Goble was in a drug-induced stupor, that
Judge Sisk knew she had been misusing prescription drugs but made no effort to control
the situation through her employment, and that her medical visit on the date of the accident
was "in furtherance of County business." The lawsuit was filed against Rains County and
Judge Sisk. (2) The County and Judge Sisk raised sovereign immunity and official immunity
as defenses. 

 In the sole issue presented for review, the Terrell family challenges the trial court's
order granting the plea to the jurisdiction. The Terrell family has presented a number of
arguments in an effort to support that contention. We will address those as necessary, but
recognize that the main thrust of their contentions is that, as to the County and Judge Sisk,
sovereign immunity has been waived by the Texas Tort Claims Act. (3) They contend there
is a cause of action for failure to supervise, for failure to train, for failure to control, for
negligent implementation of policy, negligent hiring (or retention), and that "joint enterprise"
applies.

 As to the claims against Rains County, the only question is whether sovereign
immunity has been waived. If not, then no claim against the County can prevail. Under
the doctrine of sovereign immunity, a governmental unit is not liable for the torts of its
officers or agents in the absence of a constitutional or statutory provision creating such
liability. Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339,
341 (Tex. 1998). In the absence of the state's consent to suit, a trial court lacks subject
matter jurisdiction and must dismiss. The Tort Claims Act creates that limited waiver of
sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). 

 As a governmental unit, Rains County is immune from both suit and liability unless
the Tort Claims Act has waived that immunity. Section 101.021 of the Tort Claims Act has
been interpreted as waiving sovereign immunity in three general areas: "use of publicly
owned automobiles, premises defects, and injuries arising out of conditions or use of
property." Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000), quoting Lowe
v. Tex. Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). Pursuant to Section 101.021, a
governmental unit in the state is liable for: 

 (1) property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if:


 (A) the property damage, personal injury, or death arises
from the operation or use of a motor-driven vehicle or motor-driven
equipment; and


 (B) the employee would be personally liable to the claimant
according to Texas law; and


 (2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

 The lack of subject matter jurisdiction is properly raised by a plea to the jurisdiction. 
Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (correcting a number of
misunderstandings on that point). (4) The plaintiff has the burden to show that jurisdiction
exists by alleging facts that affirmatively demonstrate that the trial court has subject matter
jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); 
City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.-El Paso 2000, pet. dism'd w.o.j.). 
In the context of suit against a governmental unit, the plaintiff must allege consent to suit
either by reference to statute or express legislative permission. Jones, 8 S.W.3d at 638; 
Sullivan, 33 S.W.3d at 6.

 In our analysis, the question of subject matter jurisdiction is a legal question which
we review de novo. Sullivan, 33 S.W.3d at 6. We examine the pleadings, taking as true
the facts pled, and we determine whether those allegations of fact support jurisdiction in
the trial court. Tex. Ass'n of Bus., 852 S.W.2d at 446. In so doing, we construe the
pleadings in favor of the pleader. Id. If necessary, we may review the entire record to
determine if there is jurisdiction. Id. If the petition does not allege jurisdictional facts, the
plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to
confer jurisdiction. See id. In this case, special exceptions directed at this matter were
raised, and the Terrell family had the opportunity to amend their pleadings.

 The facts alleged by the Terrell family are that the damage was caused by the
private vehicle of the driver (Judge Sisk's secretary) while that driver was on her way to a
doctor's appointment. There is no allegation of an express waiver of immunity. Thus, in
order to fall under the Tort Claims Act exception, the Terrell family must show that the use
of the vehicle was part of the scope of the driver's employment by the County. "Scope of
employment" is defined as "the performance for a governmental unit of the duties of an
employee's office or employment and includes being in or about the performance of a task
lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code
Ann. § 101.001(5) (Vernon Supp. 2003).

 There are no allegations in the Terrell family's pleadings that can reasonably be
interpreted as showing that the driver was acting within the scope of her employment at the
time of the accident. She was not traveling at the direction of her employer. There is
nothing to suggest this trip to the doctor was any part of the performance of her duties as
an employee; rather, the pleadings show conclusively it was a personal activity away from
the workplace. 

 The Terrell family also alleged, however, that Goble's trip to the doctor was a part
of her employment-and thus her use of her car was actionable under the vehicle exception
to the Tort Claims Act. They argue that this theory applies because Judge Sisk had, on
an earlier occasion, directed Goble to go home, and because he permitted her to leave on
this occasion. 

 The underlying principle is that an employee is generally not in the course and
scope of employment while driving his or her own vehicle to or from his or her place of
employment. Mata v. Andrews Transp., Inc., 900 S.W.2d 363, 366 (Tex. App.-Houston
[14th Dist.] 1995, no writ). This rule is based on the premise that an injury occurring while
traveling to or from work has nothing to do with the risks associated with a place of
employment. Smith v. Tex. Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192, 193
(1937). 

 There is an exception to this rule that applies when an employee undertakes a
special mission for his or her employer. Direkly v. ARA Devcon, Inc., 866 S.W.2d 652, 654
(Tex. App.-Houston [1st Dist.] 1993, writ dism'd w.o.j.). A special mission is a specific
errand that an employee undertakes at the specific request of the employer. Wilie v.
Signature Geophysical Servs., Inc., 65 S.W.3d 355, 359 (Tex. App.-Houston [14th Dist.]
2001, pet. denied); Upton v. Gensco, Inc., 962 S.W.2d 620, 621-22 (Tex. App.-Fort Worth
1997, pet. denied). However, the Terrell family's counsel has explicitly stated in a post-submission letter to this Court that the "special mission" concept does not apply to the facts
of this case. We will therefore not further address that theory.

 There is no allegation of fact to show that, on the occasion of this accident, the
employee went to the doctor at the specific request of Judge Sisk. There is also no
allegation of fact to support the Terrell family's theory that Rains County had a duty to keep
Goble from leaving her workplace. There is nothing in the Terrell family's pleadings that
can be read to support the application of the Tort Claims Act to allow them to pursue a
cause of action against Rains County. The plea to the jurisdiction was therefore properly
granted.

 The Terrell family also contends the County has waived its sovereign immunity
because it was in a joint enterprise with Goble. They so contend because Judge Sisk
allowed Goble to use her personal vehicle to occasionally run errands for the County and
because the County's health insurance plan provided the drugs Goble was taking, and
Judge Sisk allowed her to go to the doctor to obtain those drugs and did not attempt to
stop her.

 In Able, the Texas Supreme Court held that "a governmental unit that enters into a
joint enterprise can be liable under the waiver of sovereign immunity found in the Tort
Claims Act." Able, 35 S.W.3d at 610. In that case, the plaintiffs alleged a premises defect
involving a state highway. See id. at 612. The plaintiffs also alleged that a joint enterprise
existed between the Texas Department of Transportation (TxDOT) and the Houston
Metropolitan Transit Authority (Metro) with respect to the highway. See id. at 610. As a
party to a joint enterprise with Metro, the plaintiffs contended TxDOT was equally
responsible for the premises defect. See id. at 613.

 A plaintiff must show four elements to prove the existence of a joint enterprise: 
(1) an agreement, express or implied, among the members of the group; (2) a common
purpose to be carried out by the group; (3) a community of pecuniary interest in that
purpose, among the members; and (4) an equal right to a voice in the direction of the
enterprise, which gives an equal right of control. Id.; Tex. Dep't of Transp. v. City of
Floresville Elec. Power & Light Sys., 53 S.W.3d 447, 456 (Tex. App.-San Antonio 2001,
no pet.). 

 Arguably, there was an agreement, and a common purpose, between Goble and the
County, as the Terrell family alleges. However, neither the "pecuniary interest" nor the
"equal right to control" elements make any sense in the context of a benefit provided for
an employee by an employer. There is no real pecuniary interest involved as a profit-making business arrangement between the parties. The County provided health insurance
as a benefit. That was arguably a pecuniary benefit to Goble. The health benefits are
provided by doctors, who presumably receive a pecuniary benefit from their use. In return,
the County receives-not money-but a worker who is more satisfied with his or her
employment and is thus more likely to remain employed by the County.

 Further, the mere fact that an employee has the ability to choose the doctor whom
he or she will visit does not indicate such employee has "control" over a joint enterprise. 
It simply shows that the employee has the ability under the provided insurance contract to
choose which doctor he or she will visit.

 In light of the fact the Texas Supreme Court has held that even business
relationships such as a franchisor, wholesaler, or supplier do not have a "community of
pecuniary interest" adequate to show the existence of a joint enterprise, neither can we find
any indication a joint enterprise exists in this situation. See St. Joseph Hosp. v. Wolff, 94
S.W.3d 513, 528 (Tex. 2002). 

 The Terrell family then takes a different direction in their pleadings concerning
Judge Sisk. They allege that Judge Sisk was the negligent party and that his negligence
was the proximate cause of the deaths because of his failure to enforce the County's drug-testing policy. The policy, as stated in the Terrell family's brief, provided that an "employee
suspected of drug/alcohol abuse may be requested to take a test. If an employee refuses
to take this test or fails a test, they are subject to immediate dismissal." 

 The initial question is whether this alters the analysis set out above for Judge Sisk
in his official capacity as the county judge. Article IX, Section 1 of the Texas Constitution
provides that counties are legal subdivisions of the state. Tex. Const. art. IX, § 1. A suit
against a government official in his or her official capacity seeks to impose liability only on
the governmental entity the official represents, and any judgment in this type of suit is
collectible only against the governmental entity, not against the official's personal assets.
Kentucky v. Graham, 473 U.S. 159, 166 (1985); Herring v. Houston Nat'l Exch. Bank, 113
Tex. 264, 253 S.W. 813 (1923); Harris County v. Walsweer, 930 S.W.2d 659, 665 (Tex.
App.-Houston [1st Dist.] 1996, writ denied); Winograd v. Clear Lake City Water Auth., 811
S.W.2d 147, 162 (Tex. App.-Houston [1st Dist.] 1991, writ denied); see also Bowles v.
Reed, 913 S.W.2d 652, 655 (Tex. App.-Waco 1995, writ denied) (suit against county
official is a suit solely against the county); Bowles v. Wade, 913 S.W.2d 644, 649, 649 n.13
(Tex. App.-Dallas 1995, writ denied) (suits against public officials are suits against the
entities for whom they work and official-capacity judgments impose liability on the entity).

 As a public official sued in his official capacity, Judge Sisk is protected by the same
sovereign immunity enjoyed by the state agency he represents. Tex. Dep't of Health v.
Rocha, No. 13-02-00160-CV, 2003 WL 1562086, at *3 (Tex. App.-Corpus Christi Mar. 27,
2003, no pet.); Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 460 (Tex. App.-Tyler 1999, pet.
denied); Morris v. Copeland, 944 S.W.2d 696, 698-99 (Tex. App.-Corpus Christi 1997, no
writ). Because a suit against a state officer in his or her official capacity is equivalent to a
suit against the state, employees acting in their official capacity share their employer's
sovereign immunity. Rocha, 2003 WL 1562086, at *3; Denson, 63 S.W.2d at 460; Morris,
944 S.W.2d at 698-99; see also Sykes v. Harris County, 89 S.W.3d 661, 669 (Tex.
App.-Houston [1st Dist.] 2002, pet. filed); Univ. of Tex. Med. Branch at Galveston v.
Hohman, 6 S.W.3d 767, 775 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.)
(holding employee sued in her official capacity was shielded by sovereign immunity). 
Accordingly, a plea to the jurisdiction is procedurally the proper method of contesting the
propriety of the lawsuit against him or her as a public official.

 The Terrell family alleges Judge Sisk is liable to them for two main reasons: 1) the
judge knew his secretary at least occasionally had problems (i.e., sleeping on the job)
caused by her use of prescription medications, but had negligently failed to exercise the
County's policy to require her to undergo drug testing; and 2) the judge knew on that
particular occasion that his secretary was in no condition to drive her automobile and was
thus negligent in allowing her to drive to her doctor's appointment. We will first analyze
these allegations as viewed through the window of sovereign/official immunity of a public
servant.

 In determining whether a waiver of the application of sovereign immunity is shown
in this context, a critical question is whether the employee of a governmental unit would be
personally liable under Texas law. A government employee is entitled to official immunity
for (1) the performance of discretionary duties (2) that are within the scope of the
employee's authority, (3) provided the employee acts in good faith. City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994); see also DeWitt v. Harris County, 904
S.W.2d 650, 652 (Tex. 1995). 

 In deciding whether the facts alleged fall outside the scope of official immunity, we
recognize that the basis for alleged liability is the County's policy, which explicitly provides
that requiring a drug test of an employee is absolutely discretionary, and that the Terrell
family has alleged the accident was caused by Judge Sisk while acting within the scope
of his official duties. The sole disputed question then becomes whether he acted in good
faith.

 If Judge Sisk was performing a discretionary function, then he is protected by official
immunity, regardless of whether he was negligent in the exercise of his public duties. See
City of Wichita Falls v. Norman, 963 S.W.2d 211, 215 (Tex. App.-Fort Worth 1998, pet.
dism'd w.o.j.). The Terrell family cannot breach the immunity wall merely because Judge
Sisk was negligent-they can only do so if Judge Sisk exercised his discretionary authority
in bad faith. See Harless v. Niles, 100 S.W.3d 390 (Tex. App.-San Antonio 2002, no pet.).

 The Terrell family must do more than show that a reasonably prudent supervisor
could have acted differently; they must show that no reasonable person in Judge Sisk's
position could have thought the facts were such that they justified his acts. See Chambers,
883 S.W.2d at 657. Good faith is not defeated simply by a showing of negligence.
Wadewitz v. Montgomery, 951 S.W.2d 464, 467 n.1 (Tex. 1997).

 Good faith is established when it is proved that a reasonably prudent government
official, under the same or similar circumstances, could have believed that his actions were
justified. Chambers, 883 S.W.2d at 656. A government employee acts in bad faith only
if that employee could not have reasonably reached the decision in question. Univ. of
Houston v. Clark, 38 S.W.3d 578, 581 (Tex. 2000). Good faith can be established as a
matter of law when the factual recitation by the governmental unit's employee is otherwise
supported by the evidence. Dovalina v. Nuno, 48 S.W.3d 279, 283 (Tex. App.-San
Antonio 2001, no pet.); Alamo Workforce Dev., Inc. v. Vann, 21 S.W.3d 428, 434-35 (Tex.
App.-San Antonio 2000, no pet.). The Terrell family alleged negligence. Although they
also used the term "good faith" throughout their pleadings, the allegations involving that
language are the same ones used in their allegations of negligence. (5) 

 The facts concerning the accident alleged by the Terrell family do not support a
finding that Judge Sisk acted in bad faith, either for failing to require Goble to undergo a
drug test, or in connection with her driving to her doctor's office in her own vehicle. 
Requiring a drug test was discretionary on the part of the county judge, and there are no
facts alleged showing any directive by Judge Sisk to Goble to drive her automobile. Taking
the allegations at their most extreme possible meaning, with maximal inferences applied,
they at most show questionable judgment, and thus possibly show negligence. They do
not show the absence of good faith, which is necessary to avoid the sovereign immunity
bar. Accordingly, the trial court did not err by concluding Judge Sisk, riding on the coattails
of sovereign immunity of his county, is not amenable to suit in his official capacity.

 We next consider whether claims were raised against Judge Sisk in his individual
capacity. State employees sued in their individual capacities may be liable for their
negligence if they do not have official immunity. Sykes, 89 S.W.3d at 669; Denson, 63
S.W.3d at 460. 

 We have reviewed the pleadings in detail. Although there are places where the
Terrell family referred to claims against Judge Sisk in his personal capacity, there were no
claims raised involving any act by the judge outside of his public servant persona. This is
not a situation where there is a mixture of allegations, some of which are directed at
actions taken outside a public capacity. In this case, all allegations were of claimed
wrongdoing or negligence by Judge Sisk in actions he was able to take only because of
his position as a public servant. Under these circumstances, we conclude that a fair
reading of the Terrell family's pleadings is that there was no effective pleading against
Judge Sisk in his individual capacity. 

 The Terrell family has also raised a federal Section 1983 claim against Judge Sisk. 
A suit against a state official in his or her official capacity is not a suit against the official,
but against the official's office and the state for which the official is an agent. Will v. Mich.
Dep't of State Police, 491 U.S. 58, 71 (1989); City of Hempstead v. Kmiec, 902 S.W.2d
118, 122 (Tex. App.-Houston [1st Dist.] 1995, no writ). The suit is therefore the same as
one brought directly against the state. Will, 491 U.S. at 71; Kmiec, 902 S.W.2d at 122. 
The United States Supreme Court has held that "neither a State nor its officials acting in
their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71; see Harrison v.
Tex. Dep't of Criminal Justice-Institutional Div., 915 S.W.2d 882, 889-90 (Tex.
App.-Houston [1st Dist.] 1995, no writ). The Court went on to explain that, "As such, it is
no different from a suit against the State itself." Will, 491 U.S. at 71.

 Therefore, as a government official in his official capacity, Judge Sisk is not a
"person" under Section 1983. Section 1983 of the Civil Rights Act provides as follows:

 Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of Columbia,
subjects, or causes to be subjected, any citizen of the United States or other
person within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws, shall be liable
to the party injured in an action at law, suit in equity, or other proper
proceeding for redress. 


42 U.S.C.A. § 1983 (West Supp. 2003).


 Section 1983 was not designed to override sovereign immunity. Will, 491 U.S. at
66. Accordingly, the Section 1983 claim made against Judge Sisk in his official capacity
could not serve to avoid the application of sovereign immunity and the claim was properly
the subject of the plea to the jurisdiction. 

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: June 19, 2003

Date Decided: July 16, 2003

1. [1]Odell Terrell is a surviving brother of J. R. Terrell, Jr. David Elkins is the surviving
son of Virginia Terrell, and Jimmy Wayne Terrell is the surviving son of J. R. Terrell, Jr. 
2. [2]The style of the lawsuit in the Terrell family's pleadings does not specify whether
Judge Sisk was sued in his personal capacity or in his capacity as county judge (and the
supervisor of his secretary). We will therefore review the pleadings to determine the nature
of the Terrell family's claims.
3. [3]Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A), (B) (Vernon 1997).
4. [4]Since as early as 1847, the law in Texas has been that, absent the state's consent
to suit, a trial court lacks subject matter jurisdiction. Tex. Dep't of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). A party may contest a trial court's subject matter
jurisdiction by filing a plea to the jurisdiction. Id.
5. [5]"When a petition fails to specify the capacity in which a person is sued, we will look
at the 'course of the proceedings' to determine the nature of the liability the plaintiff seeks
to impose." Harless v. Niles, 100 S.W.3d 390 (Tex. App.-San Antonio 2002, no pet.),
quoting Nueces County v. Ferguson, 97 S.W.3d 205, 215 (Tex. App.-Corpus Christi 2002,
no pet.). 

 


qn="prod @3 21600 pixelHeight"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00050-CR

                                                ______________________________

 

 

                                 JAMES OWEN SPURLOCK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 19,457-2006 

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            James Owen Spurlock was convicted of
aggravated sexual assault of disabled individual Elizabeth Brooke Alfred, and
was sentenced to twenty years imprisonment. 
Spurlock has filed a single brief, in which he raises an issue common to
all of his appeals.[1]  He argues that the trial court committed
reversible error in denying his post-conviction motion for DNA testing.

            We addressed this issue in detail in
our opinion of this date on Spurlocks appeal in cause number
06-11-00049-CR.  For the reasons stated
therein, we likewise conclude that error has not been shown in this case.

            We affirm the trial courts
judgment.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          August 22, 2011

Date
Decided:             September 2, 2011

 

Do
Not Publish











[1]Spurlock
appeals from another conviction of aggravated sexual assault of Joy Lauren
Thomas, a disabled individual, in our cause number 06-11-00049-CR.