NUMBER 13-09-00596-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MICHAEL ZELLERS, Appellant,


v.
 


RICHARD CORTEZ, Appellee.

 


On appeal from County Court at Law No. 2


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant Michael Zellers challenges a plea to the jurisdiction granted in favor of
appellee Richard Cortez. By two issues, which we renumber and reorganize as three,
Zellers argues that the trial court erred in granting the plea to the jurisdiction because: (1)
Zellers sued Cortez in his individual, rather than his official, capacity, and Cortez was
therefore not entitled to governmental immunity; (2) Cortez failed to prove he was entitled
to official immunity; and, in the alternative, (3) Cortez waived official immunity by pursuing
a counterclaim against Zellers. We affirm.

I. Background

 On December 21, 2007, Zellers filed his original petition against Cortez, asserting
claims of defamation, defamation per se, libel, libel per se, and intentional infliction of
emotional distress. Zellers noted in his identification of the parties that Cortez is a "natural
person and is Mayor of the City of McAllen, Texas" and then alleged the following facts:

 In January of 2007, Richard Cortez appeared on the Davis Rankin talk show
on 710 AM radio to be interviewed in connection with issues pending
concerning the McAllen Police Officers Union and the City [of McAllen]. 
Defendant Richard Cortez compared Plaintiff [Zellers] to Adolf Hitler and
Saddam Hussein. In the same time period, the City of McAllen[,] at the
direction and instruction of Richard Cortez, published advertisements that in
essence accused Plaintiff of being a liar. Defendant makes the foregoing
comments and publication knowing that Plaintiff was of German descent and
knowing that his veracity and honesty in his capacity as a police officer for
the [C]ity was of the utmost necessity and importance to his career and his
ability to faithfully and successfully perform his duties.


In his petition, Zellers does not specify the capacity in which he is suing Cortez. Cortez
answered and, on February 26, 2008, filed a counterclaim against Zellers for defamation,
civil conspiracy, and frivolous pleadings. 

 On April 3, 2009, Cortez filed a plea to the jurisdiction. In his plea, Cortez argued
that he was entitled to (1) governmental immunity from Zellers's claims because the
complained-of acts were performed in Cortez's official capacity as the mayor of McAllen,
and (2) absolute privilege because he is a high-ranking public official and the statements
he made on the radio were in the course of exercising his official authority as mayor.

 Cortez also filed a traditional motion for summary judgment on June 1, 2009. By
this motion, Cortez contended, again, that he was entitled to absolute privilege for his
statements. Cortez also asserted that he was entitled to summary judgment based on the
affirmative defense of official immunity. Cortez attached no evidence to his motion for
summary judgment; his motion relied solely on Zellers's pleadings. (1)

 After hearings on both the plea and the motion, the trial court granted Cortez's plea
to the jurisdiction on October 8, 2009. The trial court never ruled on Cortez's motion for
summary judgment. Although Zellers claims in his brief that he requested findings of fact
and conclusions of law from the trial court, we find neither that request nor any issued
findings and conclusions in the record. 

II. Standard of Review

 A plea to the jurisdiction challenges the trial court's authority to consider the subject
matter of a claim. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
Whether a court has subject matter jurisdiction is a question of law and is subject to de
novo review. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial
court's jurisdiction. Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002). 
When determining whether a plaintiff affirmatively demonstrated the trial court's jurisdiction
to hear its case, we will consider the plaintiff's pleadings and factual assertions and the
evidence submitted by the parties relevant to the jurisdictional issue. Nueces County v.
Ferguson, 97 S.W.3d 205, 213 (Tex. App.-Corpus Christi 2002, no pet.) (citing Tex.
Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland
Indep. Sch. Dist., 34 S.W.3d at 555)). We do not reach the merits of the case but, rather,
accept as true the facts pled and determine whether those facts support jurisdiction. Id.
(citation and footnote omitted). In making that determination, we construe the pleadings
in the plaintiff's favor and look to the pleader's intent. County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002). 

 A plea to the jurisdiction may be granted without allowing the plaintiff the opportunity
to amend its pleading if the pleading affirmatively negates the existence of jurisdiction. 
Ramirez, 74 S.W.3d at 867; Cameron County v. Ortega, 291 S.W.3d 495, 497 (Tex.
App.-Corpus Christi 2009, no pet.). However, if the plaintiff's pleadings are insufficient to
demonstrate jurisdiction but do not show incurable defects in jurisdiction, the proper
remedy is to allow the plaintiff an opportunity to amend before dismissal. Brown, 80
S.W.3d at 555; Tex. Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex.
App.-Corpus Christi 2004, no pet.). 

III. Discussion

 By three issues, Zellers argues that the trial court erred in granting Cortez's plea to
the jurisdiction. As a preliminary matter, however, we must determine the capacity in which
suit is brought against Cortez because that capacity will affect our review of the claims
against him. See Ferguson, 97 S.W.3d at 213.

A. The Capacity in Which Cortez is Sued

 A plaintiff may sue a government employee or official in the person's
official capacity, individual capacity, or both. . . . [T]he capacity in which a
government official is sued is significant because it affects the party upon
whom liability may be imposed and from whom damages may be collected,
as well as the defenses that may be raised.


Id. (citing Denson v. Tex. Dep't of Crim. Justice, 63 S.W.3d 454, 460 (Tex. App.-Tyler
1999, pet. denied); Jackson v. Stinnett, 881 S.W.2d 498, 500 (Tex. App.-El Paso 1994,
no writ)). 

 If the plaintiff sues a person in his or her official capacity, the plaintiff is not
attempting to impose liability on the individual specifically named but, rather, on the
governmental unit the official represents. Vela v. Rocha, 52 S.W.3d 398, 403 (Tex.
App.-Corpus Christi 2001, no pet.). "Persons sued in their official capacity may raise any
defense available to the governmental unit, including sovereign [or governmental]
immunity." Ferguson, 97 S.W.3d at 214 (citation and footnote omitted). A claim against
a person in his or her individual capacity, by contrast, "seeks to impose liability on the
person being sued for personal actions taken under the color of state law"; damages in
such a suit are collectible from the individual and not the governmental unit. Id. Persons
sued in their individual capacities may not rely on sovereign immunity, although they may
assert the affirmative defense of official immunity. Vela, 52 S.W.3d at 403-04. Persons
sued in both their official and individual capacities may claim both sovereign and official
immunity. Ferguson, 97 S.W.3d at 215 (citing Bagg v. Univ. of Tex. Med. Branch at
Galveston, 726 S.W.2d 582, 586 (Tex. App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.)). 
However, they are entitled to sovereign immunity protection "only to the extent that they
were acting in their official capacity." Id. 

 Zellers did not specify in his petition whether he was suing Cortez in an official or
individual capacity. (2) When a petition does not specify the capacity in which a person is
being sued, we look to the "course of proceedings" to ascertain the nature of the liability
the plaintiff seeks to impose. Id. (citing Kentucky v. Graham, 473 U.S. 159, 166 n.14
(1985)).

 Zellers claims that he intended to sue Cortez in his individual capacity. He states
that, in his petition, he never referred to Cortez as "Mayor Richard Cortez" or "Mayor
Cortez" and that he served Cortez with process at his personal business address. 
However, Zellers acknowledges that the factual basis of his claim stems from Cortez's
actions taken as mayor during negotiations between the City of McAllen and the McAllen
Police Officers' Union, and we believe that this is the determinative portion of Zellers's
pleading. 

 In our review of the pleadings, we must ascertain the true nature of Zellers's claims
and not exalt form over substance. See Pickell v. Brooks, 846 S.W.2d 421, 424 n.5 (Tex.
App.-Austin 1992, writ denied) (citing State v. Lain, 162 Tex. 549, 349 S.W.2d 579, 582
(Tex. 1961)); see also Spellmon v. Tex. Dep't of Criminal Justice-Inst. Div., No.
14-96-00237-CV, 1997 WL 109985, at *3 (Tex. App.-Houston [14th Dist.] Mar. 13, 1997)
(not designated for publication). Here, there were no claims in Zellers's petition involving
any act by Cortez outside of his public servant persona. See Gomez v. Hous. Auth. of El
Paso, 148 S.W.3d 471, 482 (Tex. App.-El Paso 2004, pet. denied) (finding no individual
claim against a defendant where the complained-of actions involved her duties as a
government employee); Terrell v. Sisk, 111 S.W.3d 274, 281-82 (Tex. App.-Texarkana
2003, no pet.) (holding that a judge was sued in his official capacity because the petition
did not involve "a situation where there [was] a mixture of allegations, some of which [were]
directed at actions taken outside a public capacity. In this case, all allegations were of
claimed wrongdoing or negligence by [the judge] in actions he was able to take only
because of his position as a public servant"). Rather, the complained-of actions occurred
when Cortez appeared on a local radio talk show, as mayor, to discuss pending issues
between the City and the Union and when, as mayor, Cortez authorized the publication of
advertisements that allegedly impugned Zellers's reputation. See Ferguson, 97 S.W.3d
at 216 (holding that the plaintiff sued the sheriff defendant in his official capacity, in part,
because the complained-of actions were within the scope of the defendant's authority as
sheriff).

 Based on the foregoing, we conclude that Zellers sued Cortez in his official capacity
only. See Gomez, 148 S.W.3d at 482; Terrell, 111 S.W.3d at 282. Therefore, Cortez was
entitled to any defense the governmental entity he represents may have asserted. See
Ferguson, 97 S.W.3d at 214. 

B. Governmental Immunity

 By his first issue, Zellers complains that the trial court erred in granting Cortez's plea
to the jurisdiction because Zellers sued Cortez in his individual capacity, and Cortez was
therefore not entitled to the protections of governmental immunity. We disagree.

 When a plaintiff sues a governmental entity or official, it must affirmatively
demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003); City of Alton v. Sharyland
Water Supply Corp., 145 S.W.3d 673, 678 (Tex. App.-Corpus Christi 2004, no pet.). 
Governmental immunity shields a city from liability except to the extent immunity is waived
by the Texas Tort Claims Act. See City of Alton, 145 S.W.3d at 679; City of Hempstead
v. Kmiec, 902 S.W.2d 118, 122 (Tex. App.-Houston [1st Dist.] 1995, no pet.). The Texas
Tort Claims Act does not waive immunity for intentional torts. Tex. Civ. Prac. & Rem. Code
Ann. § 101.057(2) (Vernon 2005). 

 Here, Zellers's petition only alleges claims for intentional torts--defamation,
defamation per se, libel, libel per se, and intentional infliction of emotional distress. 
Because Cortez is protected by governmental immunity and is therefore shielded from
liability for intentional torts, see Ferguson, 97 S.W.3d at 214 (providing that a government
employee sued in his official capacity is entitled to the same immunity as the governmental
entity he represents), we conclude that Zellers's pleadings affirmatively negate the
existence of jurisdiction, and the trial court therefore did not err in granting Cortez's plea
to the jurisdiction on that basis. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2);
Brown, 80 S.W.3d at 555. Zellers's first issue is overruled. (3)IV. Conclusion

 We affirm the trial court's order granting Cortez's plea to the jurisdiction and
dismissing Zellers's claims with prejudice.


 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the

6th day of May, 2010.
1. No evidence was produced by Cortez at either of the two hearings held by the trial court on Cortez's
plea to the jurisdiction and motion for summary judgment.
2. We note here--and have noted in the past--that a plaintiff should specify the relevant capacity in
the style of his petition to avoid the confusion that the trial court undoubtedly faced below and this Court now
faces on appeal. See Nueces County v. Ferguson, 97 S.W.3d 205, 215 n.12 (Tex. App.-Corpus Christi 2002,
no pet.) (citing Morris v. Collins, 916 S.W.2d 527, 530 n.2 (Tex. App.-Houston [1st Dist.] 1995, no writ)
(O'Connor, J., concurring)). 
3. Having determined that Zellers sued Cortez in his official capacity and governmental immunity
therefore barred suit against Cortez, we need not reach Zellers's second and third issues regarding official
immunity. See Tex. R. App. P. 47.1.