

## Fourth Court of Appeals

### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00427-CV

Chris Noel **CARLIN**,
Appellant

v.

**BEXAR COUNTY**, Bexar County Judge Nelson W. Wolff, in his Official Capacity as Bexar
County Judge, Judge Ron Rangel in his Official Capacity as Local Criminal Court
Administrative Judge, Bexar County, Texas, and Judge Rosie Alvarado, in her Official Capacity
as Local Administrative Judge, Bexar County, Texas,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI10840
Honorable Tina Torres, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Irene Rios, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: December 20, 2023

AFFIRMED

Chris Carlin[1] filed suit alleging minimum standard health protocols issued by Bexar

County Judge Nelson Wolff on behalf of Bexar County, State District Judge Ron Rangel, and State

District Judge Rosie Alvarado (collectively, "the Appellees"), regarding masking requirements in

response to COVID-19, violated the Texas Religious Freedom Restoration Act ("TRFRA"). The

---

[1] Carlin filed his original petition using his former name, "Dustin Shawn Kolodziej." According to his first amended petition, Carlin changed his legal name to "Christopher Noel Carlin" on December 13, 2021.

appellees filed pleas to the jurisdiction and Rule 91a motions to dismiss asserting their sovereign and governmental immunity was not waived because Carlin failed to comply with pre-suit notice provisions under the TRFRA. Carlin appeals from the trial court's order granting the Appellees' pleas to the jurisdiction and Rule 91a motions to dismiss.[2] We affirm.

## BACKGROUND

On June 1, 2021, Carlin sued Bexar County, Judge Wolff, and Judge Rangel asserting various causes of action complaining about the May 28, 2021 minimum standard health protocols implemented at the Bexar County Courthouse in response to the COVID-19 pandemic. Carlin did not serve citation with his original petition on any of the named defendants.

On January 20, 2022, Carlin filed his first amended petition. The first amended petition added Judge Alvarado as a defendant, and, in addition to the causes of action asserted in the original petition, requested declaratory and injunctive relief under the Texas Religious Freedom Restoration Act ("TRFRA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 110.001–110.012. It appears the Appellees received service of the first amended petition.

On March 10, 2022, Judge Rangel and Judge Alvarado filed a plea to the jurisdiction asserting they are entitled to sovereign immunity and judicial immunity from Carlin's suit. On March 21, 2022, Bexar County and Judge Wolff filed a plea to the jurisdiction asserting they are entitled to governmental immunity from Carlin's suit. The pleas assert, among other things, that the legislature waived sovereign and governmental immunity for an action brought under the TRFRA only when the plaintiff complies with the pre-suit notice requirements in section 110.006

---

[2] Because the motions to dismiss are "the functional equivalent of a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action[,]" it is unnecessary to address the motions to dismiss separately from the pleas to the jurisdiction. *Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 839 (Tex. App.—Austin 2007, no pet.); *see also Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex. App.—San Antonio 2003, pet denied); TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

of the TRFRA; however, they assert Carlin failed to comply with pre-suit notice requirements before he filed suit. *Id.* §§ 110.006(a), 110.008(a).

On April 11, 2022, Carlin filed his second amended petition. The second amended petition dropped all causes of action except for the declaratory and injunctive relief sought under the TRFRA. On April 18, 2022, the trial court granted both pleas and dismissed Carlin's case with prejudice. Carlin appeals.

## DISCUSSION

The TRFRA prevents a government agency from substantially burdening a person's free exercise of religion unless the agency demonstrates that the burden is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest. TEX. CIV. PRAC. & REM. CODE ANN. § 110.003. A plaintiff who successfully asserts a claim under the TRFRA is entitled to recover: (1) declaratory relief; (2) injunctive relief to prevent the threatened violation or continued violation; (3) compensatory damages; and (4) reasonable attorney's fees, court costs, and other reasonable expenses incurred in bringing the action. *Id.* § 110.005(a).

On appeal, Carlin argues the trial court erred in dismissing his suit because he was not required to provide pre-suit notice when the substantial burden on his free exercise of religion is imminent and he "did not . . . have knowledge of the exercise of the governmental authority in time to reasonably provide the notice." *Id.* § 110.006(b). Carlin further argues that his original petition provided notice to the Appellees that he had religious objections to the minimum standard health protocols. Finally, Carlin argues the trial court erred by dismissing the suit with prejudice.

## STANDARD OF REVIEW

"Immunity from suit implicates a court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction." *City of Pearsall v. Tobias*, 533 S.W.3d 516, 521 (Tex. App.— San Antonio 2017, pet. denied). "As subject matter jurisdiction is a question of law, we review a

trial court's ruling on a plea to the jurisdiction de novo." *Id.* "If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* (internal quotation marks omitted). "If the plea to the jurisdiction challenges the existence of jurisdictional facts, which also implicate the merits of the case, we consider evidence submitted by the parties to determine if a fact issue exists." *Id.* (internal quotation marks omitted). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id.* at 521–22.

### WAIVER OF GOVERNMENTAL IMMUNITY AND TRFRA

The TRFRA defines government agency as "(A) this state or a municipality or other political subdivision of this state; and (B) any agency of this state or a municipality or other political subdivision of this state including a department, bureau, board, commission, office, agency, council, or public institution of higher education." *Id.* § 110.001(a)(2). "Because a suit against a state officer in his or her official capacity is equivalent to a suit against the state, employees acting in their official capacity share their employer's sovereign immunity." *Terrell ex rel. Est. of Terrell v. Sisk*, 111 S.W.3d 274, 280 (Tex. App.—Texarkana 2003, no pet.) ("As a public official sued in his official capacity, Judge Sisk is protected by the same sovereign immunity enjoyed by the state agency he represents."); *Denson v. T.D.C.J.-I.D.*, 63 S.W.3d 454, 460 (Tex. App.—Tyler 1999, pet. denied); *Pickell v. Brooks*, 846 S.W.2d 421, 424–25 (Tex. App.—Austin 1992, writ denied).

Bexar County, as a political subdivision, falls within the definition of "government agency" and enjoys governmental immunity from suit under the TRFRA unless Carlin can show the legislature waived immunity. *See Hughes v. Tom Green County*, 573 S.W.3d 212, 218 (Tex. 2019) ("Governmental immunity refers to the protection afforded the state's political subdivisions, such as the County here."). Because the judges were sued in their official capacities, they enjoy their employers' sovereign and governmental immunities unless Carlin can show the legislature waived immunity. *See Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 738 (Tex. App.—Austin 1994, writ denied) ("[A] suit against a state officer in his official capacity is a suit against the state.").

"Absent waiver, governmental entities retain immunity from suit." *Tobias*, 533 S.W.3d at 522. "If the [l]egislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed." *Id.* When determining legislative intent, "[w]e must enforce the statute as written and refrain from rewriting text that lawmakers chose." *City of Del Rio v. Arredondo*, No. 04-20-00409-CV, 2021 WL 3376948, at *2 (Tex. App.—San Antonio Aug. 4, 2021, no pet.) (mem. op.) (quoting *County of Galveston v. Triple B Servs., LLP*, 498 S.W.3d 176, 184 (Tex. App—Houston [1st Dist.] 2016, pet. denied)).

Subject to the notice requirements in section 110.006 of the TRFRA, the legislature has waived sovereign immunity for suits brought under the TRFRA. TEX. CIV. PRAC. & REM. CODE ANN. § 110.008(a) ("Subject to [s]ection 110.006, sovereign immunity to suit and from liability is waived and abolished to the extent of liability created by [s]ection 110.005, and a claimant may sue a government agency for damages allowed by that section."). Subsection 110.006(a) of the TRFRA states:

> A person may not bring an action to assert a claim under this chapter unless, 60 days before bringing the action, the person gives written notice to the government agency by certified mail, return receipt requested:

     (1)  that the person's free exercise of religion is substantially burdened by an exercise of the government agency's governmental authority;

     (2)  of the particular act or refusal to act that is burdened; and

     (3)  of the manner in which the exercise of governmental authority burdens the act or refusal to act.

*Id.* § 110.006(a).

Because the "TRFRA's notice requirement is jurisdictional under Texas law, . . . the waiver of governmental immunity is conditioned on plaintiff's strict compliance with the notice provision." *Gonzales v. Mathis Indep. Sch. Dist.*, 978 F.3d 291, 295 (5th Cir. 2020) (internal quotation marks omitted); *see also* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Thus, pre-suit notice is an indispensable requirement, and any "failure of [this] jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 584 (5th Cir. 2013) (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009)).

Here, it is undisputed that Carlin never sent the Appellees notice at all, much less by certified mail with return receipt requested as required by section 110.006. At the plea to the jurisdiction hearing, the trial court asked Carlin whether he had sent a notice letter to the Appellees prior to filing the lawsuit. Carlin responded: "No, Judge, it's not required by the law, it's not." Instead, Carlin stated to the trial court—and he maintains on appeal—that the notice was not required to obtain injunctive or declaratory relief when the alleged substantial burden on his free exercise of religion is imminent, and he did not have knowledge of the government's purportedly violative action in time to provide the notice. We disagree.

Subsection 110.006(b) of the TRFRA states: "a claimant may, within the 60-day period established by [s]ubsection (a), bring an action for declaratory or injunctive relief . . . if: (1) the exercise of governmental authority that threatens to substantially burden the person's free exercise of religion is imminent; and (2) the person was not informed and did not otherwise have knowledge of the exercise of the governmental authority in time to reasonably provide the notice." TEX. CIV. PRAC. & REM. CODE ANN. § 110.006(b).

While the TRFRA allows plaintiffs to file suit in certain imminent circumstances after the plaintiff has provided notice by certified mail—but before the expiration of the 60-day waiting period—it does not allow plaintiffs to neglect notice entirely. *See id.* § 110.006 (emphasis added) ("[A] claimant may, *within* the 60-day period . . . bring an action for declaratory or injunctive relief . . . ."); *see also Gonzales*, 978 F.3d at 297 (holding one plaintiff's failure to comply with the TRFRA's pre-suit notice requirement mandated the court vacate the preliminary injunction as to him but not as to the other plaintiff who gave pre-suit notice and filed suit within the 60-day waiting period).

Moreover, Carlin complains about minimum standard health protocols that were implemented on June 1, 2021; however, he did not assert a TRFRA claim until January 20, 2022. Carlin fails to explain why he could not provide the sixty-days' notice within the six-month period preceding assertion of his TRFRA claim. Further, Carlin fails to explain how the alleged burden on his free exercise of religion was imminent when he was subjected to the minimum standard health protocols nearly six months before he asserted the TRFRA claim in his first amended petition.

To the extent Carlin argues his original petition provided sufficient notice to the Appellees under the TRFRA, this argument lacks merit for three reasons. First, section 110.006 requires the notice to be sent "before bringing the action[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 110.006(a);

*see also Morgan*, 724 F.3d at 586 (emphasis added) ("[T]he TRFRA imposes statutory prerequisites to filing suit, the TRFRA contains language that is mandatory, and the pre-suit requirement must be accomplished *prior* to filing suit."). Second, the Appellees argue, and the record reflects, the Appellees did not receive service of Carlin's original petition.[3] Finally, the TRFRA explicitly mandates written notice by certified mail. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 110.006(a). We strictly construe statutes that waive sovereign and governmental immunity. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). Because the TRFRA requires strict compliance, Carlin's failure to send pre-suit notice via certified mail left the Appellees' sovereign and governmental immunities intact. *See id.*; *see also Morgan*, 724 F.3d at 588 ("[S]ection 110.006 of the TRFRA requires pre-suit notice in the form of certified mail, return receipt requested, 60 days prior to filing suit[.]"). *But see Gonzales*, 978 F.3d at 295 n.15 (holding plaintiff's pre-suit notice valid even though it was submitted by fax rather than certified mail). Accordingly, the Appellees were immune from suit and the trial court did not err when it granted their pleas to the jurisdiction.[4]

### DISMISSAL WITH PREJUDICE

"If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to the jurisdiction could be removed,

---

[3] Carlin does not dispute that he failed to serve Appellees with his original petition.

[4] We further note Judge Rangel and Judge Alvarado have judicial immunity from this suit. "Judges acting in their official judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction." *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002)). "This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority." *Twilligear*, 148 S.W.3d at 504 (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "It is overcome only for actions that are: (1) nonjudicial, *i.e.,* not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction." *Twilligear*, 148 S.W.3d at 504 (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). Here, the actions Carlin complains of were taken in the district judges' official judicial capacities to ensure the safety of those entering the Bexar County courthouse. *See Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) ("A judge's ordinary efforts at courtroom administration . . . remain immune." (citing *Liteky v. U.S.*, 510 U.S. 540, 556 (1994))); *see also Cantu-McGarrahan v. Foote*, No. 03-01-00506-CV, 2002 WL 1728587 at *6 (Tex. App.—Austin July 26, 2002, no pet.) ("Courts have inherent powers to regulate behavior in their courtrooms.").

then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *Am. Motorist Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001). "In general, a dismissal with prejudice is improper in a plea to the jurisdiction when the plaintiff is capable of remedying the jurisdictional defect." *Goss v. City of Houston*, 391 S.W.3d 168, 175 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (alterations omitted) (quoting *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004)). "But if the pleadings affirmatively negate jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend his petition." *Goss*, 391 S.W.3d at 175 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)). "Thus, when the evidence establishes that the trial court lacks subject matter jurisdiction due to governmental immunity to suit, dismissal with prejudice is proper." *Goss*, 391 S.W.3d at 175–76 (citing *Sykes*, 136 S.W.3d at 639). Because Carlin cannot cure the defect in his pleadings—namely, his failure to provide pre-suit notice—the trial court did not err in dismissing the case with prejudice.

## CONCLUSION

We affirm the trial court's orders dismissing Carlin's suit.

Irene Rios, Justice