# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2023

Lyle W. Cayce
Clerk

_____

No. 23-40078

_____

Brandon Finchum,

*Plaintiff—Appellee*,

*versus*

Nacogdoches County,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:21-CV-285

_____

Before Wiener, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In this interlocutory appeal, we are asked to decide whether the Texas Wiretap Act waives governmental immunity. Because the language of the statute contains no explicit waiver, and because ambiguities should be resolved in favor of immunity, we hold that it does not.

The facts of this case are undisputed and recited only briefly for context purposes. While incarcerated in the Nacogdoches County Jail,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40078

Plaintiff–Appellee Brandon Finchum retained attorneys to investigate and litigate civil rights claims associated with inmate treatment and jail conditions. Finchum called his lawyers from the jail on multiple occasions to discuss his claims. In furtherance of this civil litigation, one of Finchum's attorneys submitted requests to Defendant–Appellant Nacogdoches County for recordings of those and other phone calls under the Texas Public Information Act. While responding to those open records requests, a non-lawyer employee of the County Attorney's office inadvertently listened to a call between Finchum and his attorney. Finchum subsequently filed suit under the Texas Wiretap Act ("TWA").[1]

The County moved for summary judgment, asserting that it was entitled to governmental immunity from Finchum's TWA claim. The magistrate judge disagreed, finding that the TWA waived governmental immunity. Over the County's objections, the district court adopted the magistrate judge's report and recommendation. This interlocutory appeal followed. We review the denial of summary judgment on the basis of immunity de novo. *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013) ("[B]ecause governmental immunity from suit defeats a trial court's jurisdiction, whether a trial court has jurisdiction is a question of law subject to de novo review.").

"Governmental immunity generally protects municipalities and other state subdivisions from suit unless the immunity has been waived by the constitution or state law." *Univ. of Tex. M.D. Anderson Cancer Ctr. v.*

---

[1] Finchum's original complaint also brought claims for misuse of official information, in violation of TEX. PENAL CODE ANN. § 39.06, and for violation of the Federal Wiretap Act. These claims are not relevant to the instant appeal.

*McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (citation omitted).[2] A statute may only waive immunity by "clear and unambiguous language." TEX. GOV'T CODE § 311.034. The party suing the government has the burden of affirmatively showing that the legislature intended to waive immunity. *McKenzie*, 578 S.W.3d at 512.

The TWA provides that "[a] party to a communication may sue a person who . . . intercepts . . . the communication . . . [or] uses or divulges information . . . obtained by interception." TEX. CIV. PRAC. & REM. CODE § 123.002. The parties dispute whether the word "person," undefined in the statute, includes governmental entities. We turn to the Texas Code Construction Act to decipher legislative intent. *See* TEX. GOV'T CODE § 311, *et seq.* The Construction Act directs that, "unless the statute or context in which the word . . . is used requires a different definition," "person" includes corporation, organization, government or governmental subdivision or agency. *Id.* § 311.005(2).

This seems like strong evidence that the legislature intended for the TWA to allow suits against governmental entities, but another section of the Construction Act expressly disclaims such interpretation. Section 311.034 states that "the use of 'person,' as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction." The TWA can be reasonably construed to maintain immunity, given its continued applicability to private persons and entities. *See Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 (Tex. 2011) ("The [statute] applies to private individuals

---

[2] We apply state law to issues of immunity. *Brown v. Miller*, 519 F.3d 231, 239 (5th Cir. 2008).

and governmental entities alike, so the Code is not without meaning when construed against an asserted waiver of immunity."); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 700 (Tex. 2003) ("[The code] creates a meaningful cause of action against private mental health care facilities, a claim that remains viable even if suit against the government is barred."); *City of Oak Ridge N. v. Mendes*, 339 S.W.3d 222, 234 (Tex. App. 2011) ("The Texas Wiretap Statute applies to persons acting in their private capacities, so the statute is not without meaning if it does not apply to governmental entities."). The inclusion of the word "person" in the TWA does not evince legislative intent to waive governmental immunity, notwithstanding the definition in § 311.005 of the Construction Act.[3]

The cases Finchum cites in support of the contrary are unpersuasive. First, although the district court denied the state's immunity defense at the motion to dismiss stage in *Garza v. Bexar Metropolitan Water District*, 639 F. Supp. 2d 770, 774 (W.D. Tex. 2009), at summary judgment a magistrate judge reversed course, noting that the district court's earlier order failed to "address the impact of § 311.034" on the analysis, No. 08-cv-839-OLG, 2009 WL 10669528, at *16-17 (W.D. Tex. Dec. 9, 2009).[4] Similarly, the district court in *Austin Lawyers Guild v. Securus Technologies, Inc.* did not consider § 311.034 in holding that the TWA waived governmental immunity.

---

[3] Furthermore, even without considering § 311.034, the Texas Supreme Court has held that "the mere incorporation of a definition from one statute into another that includes both private and governmental entities does not clearly express legislative intent to waive the governmental entities' immunity from suit." *City of Midlothian v. Black*, 271 S.W. 3d 791, 797 (Tex. App. 2008) (citing *Taylor*, 106 S.W.3d at 699-700). At most, the TWA incorporation of the definition in § 311.005 creates an ambiguity as to immunity. *See Taylor*, 106 S.W.3d at 701. And, ambiguities are to be construed against waiver. *Id.*

[4] That report and recommendation was never adopted by the district court because the parties agreed to a voluntary dismissal. *See* Stip., *Garza v. Bexar Metro. Water Dist.*, No. 08-cv-839-OLG (W.D. Tex. Mar. 1, 2010), ECF No. 79.

No. 14-cv-366-LY, 2015 WL 10818584, at *10 n.2 (W.D. Tex. Feb. 4, 2015). The district court in the instant case also failed to address § 311.034. *See Finchum v. Nacogdoches County*, No. 21-cv-285-MJT-CLS, 2022 WL 18636946, at *5 (E.D. Tex. Dec. 29, 2022), *report and recommendation adopted by* 2023 WL 373879 (E.D. Tex. Jan. 24, 2023). We are unaware of any court which has cited all of the relevant statutory authority, including § 311.034, in holding that the TWA waives immunity.

Finchum has not met his burden in showing that the TWA unambiguously waives governmental immunity. *See Mendes*, 339 S.W.3d at 234. We therefore hold that Nacogdoches County is immune from suit. The district court's contrary decision is REVERSED and Finchum's TWA claim against Defendant-Appellant Nacogdoches County is DISMISSED WITH PREJUDICE.