# United States Court of Appeals for the Fifth Circuit

————————

No. 23-20551
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2024

Lyle W. Cayce
Clerk

Amia Young-Trezvant,

*Plaintiff—Appellant*,

*versus*

Lone Star College System,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1695

———————————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Amia Young-Trezvant, pro se, filed this employment lawsuit—based largely on Texas state law—after Lone Star College fired her from her job as a campus library assistant. As the litigation progressed, the district court ultimately dismissed Young-Trezvant's lawsuit, a dismissal that she now appeals. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20551

## I.

Young-Trezvant was employed by Lone Star College, a Texas junior college, as a library assistant from October 2021 until February 2023. Young-Trezvant, an at-will employee, was fired on February 21, 2023, because she refused to come to work and failed to meet with her supervisors. Young-Trezvant has filed this lawsuit, in which she has alleged sixteen claims against LSC. Specifically, she alleges seven state-based tort claims (negligent misrepresentation, negligence, gross negligence, fraud, breach of duty of good faith and fair dealing, defamation, and wrongful termination), two state-based contract claims (breach of policy and breach of contract), one consumer protection claim (a Texas Deceptive Trade Practices Act violation), and six employment-based claims, including harassment, discrimination, and retaliation, all of which she alleges under both the Texas Commission on Human Rights Act and Title IX of the Civil Rights Act of 1964. The district court dismissed Young-Trezvant's Title IX employment claims under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. The court dismissed the other claims based on Texas governmental immunity. Young-Trezvant now appeals that dismissal.

## II.

We review, de novo, grants of dismissal under Rules 12(b)(1) and 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Rule 12(b)(1) addresses a lack of subject-matter jurisdiction, and Rule 12(b)(6) pertains to a failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should first consider the Rule 12(b)(1) jurisdictional attack before addressing the attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting

jurisdiction." *Ramming*, 281 F.3d at 161. "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). To survive a Rule 12(b)(6) motion, the pleading, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## III.

## A.

The district court disposed of most of Young-Trezvant's claims under the doctrine of Texas governmental immunity. "In Texas, governmental immunity…bars suit against [governmental] entit[ies] altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). "[G]overnmental immunity from suit defeats a trial court's jurisdiction[.]" *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013). "A political subdivision enjoys governmental immunity from suit to the extent that immunity has not been abrogated by the Legislature." *Id.* at 582 n.4 (citation omitted).

## B.

We initially turn to Young-Trezvant's various tort law claims, including negligent misrepresentation, negligence, gross negligence, fraud, breach of duty of good faith and fair dealing, defamation, and wrongful termination. Under Texas law, junior colleges are immune from all tort claims, except for motor vehicle misuse claims. Tex. Civ. Prac. & Rem. Code Ann. § 101.051; *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 750 n.16 (5th Cir. 2019). None of Young-Trezvant's seven tort claims involve vehicular misuse; thus, Texas has not waived its immunity over these tort claims. It follows that the district court correctly dismissed these tort claims.

No. 23-20551

## C.

We next turn to Young-Trezvant's contract claims for breach of policy and breach of contract. Texas partially waives governmental immunity for contract claims, but only when the governmental entity was authorized to enter the contract with the challenging party. Tex. Loc. Gov't Code Ann. § 271.152; *Tercero v. Texas Southmost Coll. Dist.*, 989 F.3d 291, 297-98 (5th Cir. 2021). This waiver of immunity, however, applies only to "written contract[s] stating the essential terms of the agreement…" Tex. Loc. Gov't Code Ann. § 271.151(2)(A). Employer policies do not qualify as contracts, and their "breaches" do not create causes of action under Texas law. *Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585 (Tex. App. 2005, no pet.). Here, Young-Trezvant, an at-will former employee, does not argue that she has a valid employment contract with LSC. Consequently, Texas has not waived governmental immunity over these contract claims. Thus, the district court properly dismissed these claims.

## D.

We proceed to Young-Trezvant's consumer protection claim, which she brought under Texas's Deceptive Trade Practices Act. The DTPA, however, does not impose liability on governmental entities. *Dallas Cnty. v. Rischon Dev. Corp.*, 242 S.W.3d 90, 95 (Tex. App. 2007). Thus, a public junior college is not a "person" who can be sued under the DTPA. *Taylor v. El Centro Coll.*, No. 3:21-CV-0999-D, 2022 WL 102611, at *7 n.20 (N.D. Tex. Jan. 10, 2022); *City of Wylie v. Taylor*, 362 S.W.3d 855, 864 (Tex. App. 2012). Accordingly, the district court properly dismissed this claim.

## E.

Young-Trezvant also alleges harassment, discrimination, and retaliation employment claims under the Texas Commission on Human Rights Act and Title IX. Texas has waived governmental immunity for

4

TCHRA claims when the plaintiff "alleges a violation of the TCHRA by pleading facts that state a claim thereunder." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). TCHRA, however, requires a plaintiff to exhaust administrative remedies before filing suit, which is jurisdictional. *El Paso Cnty. v. Vasquez*, 508 S.W.3d 626, 633 (Tex. App. 2016). Here, Young-Trezvant does not contend that she exhausted her administrative remedies. Consequently, the district court properly dismissed her TCHRA claims.

## F.

Finally, Young-Trezvant brought three federal employment claims under Title IX. "Title IX prohibits sex discrimination by recipients of federal education funding." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). Young-Trezvant, however, does not allege sex discrimination; she only argues that LSC discriminated against her based on her age. She also appears to characterize these employment-related claims as being brought under Title VII of the Civil Rights Act of 1964. Title VII, of course, also does not encompass age discrimination. 42 U.S.C. § 2000e–2(a). Because Young-Trezvant has failed to state a claim under Title IX or Title VII, the district court properly dismissed these federal employment claims.

## IV.

In sum, the district court properly dismissed Young-Trezvant's claims under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failing to state a claim. The judgment of the district court is, therefore, in all respects,

AFFIRMED.